# 𝕾taunton

## ROANOKE RAILWAY AND ELECTRIC COMPANY V. VIRGINIAN RAILWAY COMPANY.

September 22, 1932.

Present, Campbell, C. J., and Holt, Epes, Hudgins and Browning, JJ.

The opinion states the case.

*Woods, Chitwood, Coxe & Rogers* and *John L. Walker,* for the plaintiff in error.

*Hall, Buford & Leftwich,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

This case is a sequel to the case of *Roanoke Railway & Electric Co.* v. *Brown* and *Virginian Railway Co.* v. *Brown,* 155 Va. 259, 154 S. E. 526, 536.

John Brown, an infant, by his next friend, brought an action against the electric company and the railway company to recover damages for personal injuries sustained by him by reason of the defective condition of Thirteenth street bridge, in the city of Roanoke, which was constructed pursuant to an ordinance of the city by the railway company, and over which, pursuant to an ordinance of the city, the electric company was operating a double track street railway line.

A judgment in favor of Brown against both defendants was affirmed by this court in an opinion by Mr. Justice Epes.

After the decision in that case the railway company repaired the Thirteenth street bridge and made demand upon the electric company for reimbursement for a proportionate part of the cost of repairing the bridge, which demand was refused, and thereupon the railway company brought its action to recover the sum of $1,587.10, the amount alleged to be due. There was a trial by a jury which resulted in a verdict in favor of the railway company for the full amount claimed.

The facts, as stated in the petition for a writ of error, and which are not disputed, are:

"By ordinance adopted August 9, 1892, the council of the city of Roanoke granted to a predecessor of the defendant the right to occupy with its street railway certain streets

in the city of Roanoke, including Thirteenth street, upon which the bridge in question was subsequently located. This ordinance provided that the company should keep in repair that portion of the street between its tracks and for one foot outside thereof.

"In the year 1904 the Tide Water Railway Company, predecessor of the Virginian Railway Company, sought to construct a railroad through the city of Roanoke, and an ordinance was adopted by the city council on May 28, 1904, granting the privilege of crossing Thirteenth street, conditioned upon its building and maintaining at its own expense a bridge to carry the traffic of said street over its tracks.

"By ordinance adopted December 15, 1906, it was provided that any company occupying with a double-track switch or turn-out the streets within the corporate limits, should keep in repair that portion of the street within the rails and for eighteen inches outside thereof.

"By ordinance adopted December 15, 1906, it was provided that every company that should occupy streets within the corporate limits with a single track should keep that portion of the street between its rails and for eighteen inches outside thereof in good repair.

"By ordinance adopted February 22, 1909, it was provided that no railway or street railway should be constructed or extended within the limit of the city until the council had designated the route and grade and until the provisions of sections 1033e and 1033f of the Code of Virginia should have been complied with.

"By ordinance adopted November 20, 1925, the Roanoke Railway and Electric Company was authorized to double-track its line along Thirteenth street and over the bridge in question, which had been originally constructed by the Virginian so as to permit the placing of an additional street railway track thereon, on condition that it should keep in repair that portion of the street within its rails and for a space of eighteen inches outside thereof."

By stipulation of counsel it is agreed that the railway company has for a period of years kept the bridge, together with that portion of it occupied by the electric company, in reasonable repair, at its own expense, without any demand upon the electric company for contribution, and that the repairs in question were made without notice to the electric company.

There being no conflict of evidence, the only matters to be considered are the two questions of law involved, which are:

"(1)  Whether the construction placed upon the franchises by the parties for many years prior to this litigation has fixed upon the plaintiff, as between it and the defendant, the sole duty of making repairs.

"(2)  Whether the plaintiff can recover any portion of the cost of repairs made by it without previous demand upon the defendant to make the repairs or contribute to their cost, and without giving the defendant an opportunity to exercise any voice in the method or manner of making the repairs."

It was forcefully argued by counsel for the electric company in the *Brown Case* (as is now contended), that in view of the practical construction placed upon the ordinances in question by the interested parties, namely, the city of Roanoke, the Virginian Railway Company and the Roanoke Railway and Electric Company, since the construction of the bridge in the year 1907, and the repairs made by the railway company pursuant to said practical construction, there was no liability resting upon it.

The answer of Mr. Justice Epes to the contention then made is so complete and so applicable to the same contention now made that we adopt it as a final disposition of the first question of law herein involved:

"In order to establish a practical construction of a contract by the parties thereto by acts of the parties, the acts must have been done in pursuance of and by reason of the contract. *Reed* v. *Inhabitants of City of Trenton,* 80

N. J. Eq. 503, 85 Atl. 270; *Kane* v. *Insurance Co.*, 199 Pa. 198, 205, 48 Atl. 989; *Sternbergh* v. *Brock*, 225 Pa. 279, 74 Atl. 166, 24 L. R. A. (N. S.) 1078, 133 Am. St. Rep. 877; *Niagara Falls Int. B. Co.* v. *Grand T. R. Co.*, 212 App. Div. 705, 209 N. Y. S. 79. The acts shown here were done in pursuance of and by reason of the city's contract rights · against the Virginian under the ordinance of 1904, and not in pursuance of or by reason of the contracts between the city and the electric company under the ordinances of 1892 and 1925. As to the contracts between the city and the electric company the evidence merely shows non-action upon the part of the city and its executive and administrative officers so far as this bridge is concerned; which non-action is entirely consistent with the existence of a concurrent duty upon the electric company to repair a portion of this bridge.

█ "In order to establish a claimed practical construction of a statute or ordinance by the executive and administrative officers charged with its execution and administration when the ordinance is susceptible of another construction, the acts done, or the omission to act by these officers, must be inconsistent with the other construction of which the statute or ordinance is susceptible. Where non-action is not inconsistent with the existence of a duty or obligation under an ordinance, it is not to be treated as a construction by the executive or administrative officers of the city that such duty does not exist. See in this connection *Commonwealth* v. *Kentucky Dist. & Warehouse Co.*, 143 Ky. 314, 136 S. W. 1032; and *Reed* v. *Inhabitants of Trenton, supra.*

"What construction may have been placed upon the ordinances authorizing the electric company to construct its track in Thirteenth street is not pertinent to an inquiry as to the duty owed by the electric company to the city, and to this plaintiff, under these ordinances, to maintain and repair this bridge. The Virginian is not a party to the contract existing between the city and the electric company by virtue of these ordinances, nor can it in any way be deemed

to be an executive or administrative officer of the city charged with the execution and administration of these ordinances.

"A proper construction of the ordinance of 1892 imposed upon the electric company the duty to keep in good condition the flooring of this bridge between its rails or tracks and for one foot on each side thereof. The ordinance of 1925 granted the electric company the right to double-track its line across this bridge 'upon the same terms and conditions as provided in the franchise heretofore granted * * * applicable to the electric railway on Thirteenth street * * * except as changed or modified herein;' and the language and phraseology of the ordinance of 1925 is not such as to either expressly or impliedly modify or change the duty ·of the electric company in this respect, except to increase the part of the floor of the bridge which the electric company is required to keep in repair."

See also *Northern Central Ry. Co.* v. *United Railways & Elect. Co.,* 105 Md. 345, 66 Atl. 444.

We are further of opinion that the second question of law must be decided in favor of the railway company.

The duty of keeping the entire bridge in proper repair rested primarily upon the railway company. This duty was placed upon the railway company by the very terms of the ordinance granting it a franchise. Upon the electric company there likewise rested a legal duty to keep in repair that portion of the bridge within its rails and for a space of eighteen inches outside thereof. The very nature of the structure to be repaired, in our opinion, required that it be done under one supervision. This being true, the electric company could not have been benefited by notice that the railway company intended to repair the bridge.

In *B. & O. R. Co.* v. *Walker,* 45 Ohio St. 577, 16 N. E. 475, it is held that where two companies owed independent but concurrent duties to repair a structure and one of them had paid the whole cost incidental thereto, it was entitled

to reimbursement by the other company for the amount of its proportionate cost of repairs.

In the *Brown Case, supra,* it was specifically held that both the Roanoke Railway and Electric Company and the Virginian Railway Company owed to the city independent but concurrent duties to maintain the bridge in good condition.

The liability of the electric company for its proportionate cost of repair having been determined, the question then is: Was the amount found by the jury to be due a reasonable amount? On that question there was a conflict of evidence. The jury resolved the conflict in favor of the railway company, and, therefore, settled the question as to the reasonable amount the electric company should pay.

We find no error in the judgment of the trial court, and it is therefore affirmed.

*Affirmed.*

EPES, J., concurs in conclusion.